Per Curiam.

Petitioner bases his right to release on the argument that the counsel appointed to represent him was not legally competent to do so. Petitioner rests this argument on the contention that such counsel was an assistant prosecuting attorney, and that he was also a County Court judge at that time and, thus, was not eligible to represent him.
So far as such counsel being an assistant prosecuting attorney is concerned, the respondent introduced into evidence a letter from the prosecuting attorney stating categorically that the attorney appointed to represent petitioner had never been an assistant prosecuting attorney.
In support of his contention that the attorney appointed to represent him was a County Court judge, petitioner exhibited two undated newspaper clippings which showed that such attorney had been appointed to act for the regular County Court judge during a temporary absence of such judge from the community. Section 1907.061, Revised Code. Even assuming that the attorney appointed to represent petitioner was the regular County Court judge, this would not have disqualified him.
*111 A Comity Court judge is disqualified from the practice of law only in relation to matters pending or originating in such County Court during his term of office. Section 1907.081, Revised Code. An acting County Court judge would be subject to no stricter disqualification.
There is no contention that the case originated before petitioner’s attorney when he was acting as a County Court judge, and, inasmuch as that was a felony proceeding, jurisdiction thereover was vested in the Court of Common Pleas, to which court the disqualification to engage in the practice of law did not extend.
Petitioner raises questions relating to the evidence presented to the grand jury and the evidence presented at his trial. Such questions are not cognizable in habeas corpus.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.